AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

United States of America )
v. )
WILLIAM DOR, ) Case No. 11-5027-SNOW
)
)
_____ )
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 18, 2011__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Fraud and misuse of visas, permits, and other documents. |

This criminal complaint is based on these facts:
Please see the attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Jeffrey Muller, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: __11/03/2011__

_____
Judge's signature

City and state: __Fort Lauderdale, Florida__   Hon. Lurana S. Snow, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT OF SPECIAL AGENT
## JEFFREY MULLER IN SUPPORT OF CRIMINAL COMPLAINT

I, Jeffrey Muller, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") currently assigned to Key West, Florida. My duties and responsibilities include investigating immigration fraud and smuggling offenses. I have been employed with HSI since January 2009. Prior to becoming a Special Agent with HSI, I was employed as a Special Agent as a Federal Air Marshal with DHS for approximately seven years. During that time, I deployed throughout the world on missions protecting aircraft and people. Prior to that employment, I was a police officer in Washington, D.C. with the United States Park Police for approximately six years. As a Special Agent with HSI, I have attended both the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training school at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. This Affidavit is written in support of a criminal complaint and arrest warrant for William DOR. Based upon the information contained in this Affidavit, I respectfully submit that there is probable cause to believe DOR has violated Title 18, United States Code, Section 1546(a) (fraud and misuse of visas, permits, and other documents).

3. The facts and information in this Affidavit are based upon my personal knowledge, as well as information provided to me by other law enforcement officers. Because this Affidavit is submitted for the limited purpose of establishing probable cause

1

for a criminal complaint, I have not included in it every fact I know about this investigation.

4. On August 22, 2011, HSI received information from a reliable confidential informant (the "CI") that William DOR, a civilian employee of the Monroe County Jail and a Reserve Deputy, was selling and brokering immigration documents without lawful authority. The CI stated, among other things, that the CI met DOR in late 2007 and gave DOR $1,700 in return for an immigration document that would allow the CI to obtain a Florida driver license.

5. In October 2007, the U.S. Citizenship and Immigration Services ("CIS") Vermont Service Center processed an I-360 form (Petition for Amerasian Widow(er) or Special Immigrant) for the CI. The CI is not an Amerasian or Special Immigrant as claimed in the petition. At a later date, DOR provided the CI an I-797C (Notice of Action) indicating CIS's receipt of the I-360 application. An I-797C functions as a kind of receipt issued by CIS upon processing of certain types of immigration applications, and is often accepted as proof of lawful entry or status in the United States including by driver's license issuing authorities. CIS sent the receipt to Post Office Box 420551, Summerland Key, Florida 33042. The receipt was subsequently provided to the CI by DOR. On April 15, 2009, the CI presented the receipt to the Florida Department of Highway Safety and Motor Vehicles as proof of lawful entry and status in the United States, and was issued a Florida driver's license. In September 2011, the CI provided the receipt that the CI had obtained from DOR to HSI agents.

6. To date, investigation has revealed that at least 102 immigration applications and I-360 forms have been submitted to CIS on behalf of different aliens apparently residing

in Monroe County which have used P.O. Box 420551, Summerland Key, Florida, 33042 as their address for correspondence with CIS. A lay review of a selection of the documents submitted in connection with these applications reveals that the handwriting they contain is similar, if not identical, to the handwriting contained in the I-360 submitted by DOR on behalf of the CI.

7. Using the immigration applications that CIS suspected as fraudulent, agents identified six other individuals residing in the Key West area. These individuals were interviewed about their relationship, if any, with DOR, and the I-360 form applications submitted in their names. Interviews of these individuals occurred on September 20, 2011 and/or on October 27, 2011. Each witness independently admitted that he/she had used DOR to submit fraudulent immigration documents on his/her behalf. Generally, each witness was either approached by DOR or referred to DOR by other individuals. Each witness paid DOR between approximately $1,000 to $2,000, cash, per I-360 submission and further stated that DOR was in law enforcement. Each witness was shown a six person photographic line up from which he or she selected DOR as the individual who provided immigration benefits in exchange for money. None of the individuals discussed herein are Amerasian, a victim of domestic abuse, or otherwise entitled to the relief available to qualified applicants using form I-360. None of these persons ever received correspondence from CIS regarding the applications that had been filed on their behalf.

8. I have compared the handwriting and signatures on the I-360s for the witnesses discussed above, the CI and for many of the other I-360's processed by CIS against DOR's MCSO personnel file, and they appear to be the same.

9. The seven witnesses discussed above on whose behalf CIS received applications on form I-360 used as their return address P.O. Box 420551, Summerland Key, Florida, 33042. The P.O. Box was rented in the name of another individual, who, like DOR, is of Haitian descent. Although this individual's exact relationship to DOR is unknown, the search of DOR's computer and/or thumb drive discussed in paragraph 12 below revealed scanned CIS correspondence that was mailed to the P.O. Box registered in Pierre's name. Each of the applicants discussed in this paragraph has stated that DOR agreed to obtain documents on his or her behalf for use in obtaining a driver's license.

10. In August 2011, MCSO and HSI conducted a series of controlled and audio-recorded meetings between the CI and DOR. During these meetings, DOR expressed that he wanted the CI to return the original I-797C receipt that he had provided to the CI, and that he would then refund the CI the $1,700 DOR had charged for his services. In September, 2011, at the request of HSI agents, CIS produced a copy of the I-797C that it had sent to DOR with respect to the CI's application. On September 30, 2011, DOR met with the CI and exchanged $100 for this I-797C. DOR promised to pay the CI $100 every fifteen days until the $1,700 was paid back. Additionally, at this meeting, DOR stated to the CI that, if any of his friends needed a new driver's license, the CI should let him know. DOR stated that, for $200, he would run a check on each such person to determine his or her eligibility for a driver's license.

11. In September 2011, a MCSO employee observed DOR filling out immigration applications on a computer at the jail's Intake Center. Furthermore, investigation has revealed that DOR has made over 20,000 inquires using the Florida Driver and Vehicle Identification Database ("DAVID") system since December 1, 2007. Included in these

4

DAVID queries were individuals for whom DOR filed I-360s. On the basis of my training and experience, I know that it is highly unusual for any law enforcement officer to have made that many DAVID inquiries over a similar period of time.

12. On September 18, 2011, DOR was stopped at Ft. Lauderdale International Airport en route to Haiti. A border search of DOR revealed that he was traveling with a laptop and a computer thumb drive. On September 26, 2011, a federal search warrant was obtained for the computer and thumb drive. Forensic examination of the computer and/or thumb drive revealed, among other things, the following immigration-related documents:

   a. A letter purporting to be from a Ms. Iphonia Similien to CIS, stating that Ms. Similien had misspelled her name on an application and was therefore submitting a new I-360 application petition. The letter requested that CIS disregard her prior I-360 application and mail a Notice of Receipt, the I-797C form, to her at P.O. Box 420551 Summerland Key, Florida 33042.

   b. Many blank downloaded CIS forms, as well as a document that appeared to be a fraudulent template letter purportedly from CIS.

   c. A letter purporting to be from CIS to a Ms. Roselene Saturne requesting evidence in support of her case. The letter was sent to P.O. Box 420551 Summerland Key, Florida, 33042. CIS has confirmed that they did not prepare or generate this letter.

   d. Two letters that appear to be drafts of communications purportedly from CIS to a Mr. Carlos A. Aguilar Ramirez, notifying him that his form I-360 application was under consideration. CIS has confirmed that it drafted no such correspondence to Mr. Aguilar Ramirez.

e. A scanned faxed copy of a CIS form I-797 Notice of Receipt for a Mr. Woodson Benjamin. The document was addressed to P.O. Box 122 Key West, Florida 33041, which is rented by William DOR. The top of the Fax lists "MCSO Records 07/28/2011 09:36." On the basis of my training and experience and observations in this case, I believe that this time and date stamp reflects receipt of the faxed document at the MCSO, where DOR worked.

f. A public policy journal article regarding the rights available to victims of domestic violence.

g. A document, which appeared to be a ledger, stating, "DEPARTMENTS OF HOMELAND SECURITY PREPARED BY WILLIAM DOR DONE UNDER MY HAND 17th DAY OF MARCH A.D 2007." The document had columns for application type, form number, mailing address, and zip code. It included a mailing address for CIS.

h. A document, which appeared to be a ledger, stating, "LIST OF DMV ACCEPTED FORMS I-360 DONE UNDER MY HAND ON 19th DAY OF SEPTEMBER A.D 2007 PREPARING BY WILLIAM DOR." The document contained information regarding Florida Department of Highway Safety and Motor Vehicle offices in various Florida locations.

i. A document from the Florida Department of Highway Safety and Motor Vehicles listing acceptable documents for proof of legal presence in the United States and I-94 classifications.

14. On October 31, 2011 Your Affiant learned that DOR was holding an airline ticket to depart for Haiti on November 3, 2011. On November 2, 2011 he cancelled his reservation and at present, his future travel plans, if any, are unknown.

### CONCLUSION

15. For the foregoing reasons, I submit that there is probable cause to believe that DOR has violated Title 18, United States Code, Section 1546(a), in that he has knowingly possessed documents that are prescribed by statute as evidence of authorized stay in the United States, knowing that such documents had been forged, counterfeited, altered, and falsely made.

FURTHER AFFIANT SAYETH NAUGHT

Jeffrey Muller, Special Agent
Immigration and Customs Enforcement

Sworn to before me this_____day of November, 2011.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 11-5027-SNOW

UNITED STATES OF AMERICA

v.

WILLIAM DOR,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

BY: _____
      Allyson Fritz
      Assistant United States Attorney
      Florida Court No. A5500092
      99 N. E. 4th Street
      Miami, Florida 33132-2111
      TEL (305) 961-9287
      FAX (305) 536-4675

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-5027-Snow

### BOND RECOMMENDATION

DEFENDANT: WILLIAM DOR

$100,000 Corporate Surety Bond with Nebbia.

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Allyson Fritz

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): S/A Jeffrey Muller, DHS

(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)